IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY G. WHITEAGLE,

                Petitioner,                OPINION AND ORDER

v.

                                                15-cv-449-wmc
                                                15-cv-390-wmc
UNITED STATES OF AMERICA,              11-cr-65-wmc

                Respondent.

---

In August 2012, after an 8-day trial, a jury found petitioner Timothy Whiteagle guilty of twelve counts relating to bribing and conspiring to bribe a Ho-Chunk Nation legislator to secure favorable treatment for three different vendors wishing to do business with the Nation. *United States v. Whiteagle*, Case No. 11-cr-65-wmc-1. On October 24, 2012, this court sentenced him to serve 120 months in prison, to be followed by 3 years of supervised release. Petitioner filed and lost motions for acquittal, a new trial, resentencing, and a direct appeal. He has now filed a motion for post-conviction relief under 28 U.S.C. § 2255, arguing that his conviction should be vacated for numerous reasons. Because none of petitioner's challenges support overturning his conviction, the court will deny the motion.

OPINION

The petitioner seeks relief under 28 U.S.C. § 2255, which "is reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), involving "errors of constitutional or jurisdictional magnitude, or where the error

1

represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). In his petition, Whiteagle identifies four separate grounds for relief: (1) the court and prosecutors lacked jurisdiction over the case under the "tribal exhaustion doctrine"; (2) the government maliciously and vindictively prosecuted petitioner because it was embarrassed after an earlier acquittal of a defendant in a bribery case in Minnesota; (3) the government selectively prosecuted petitioner because he is a tribal member, but failed to prosecute similar high profile cases; and (4) the government misled the court and jury regarding the Ho-Chunk Nation's Code of Ethics Act.

As an initial matter, all of Whiteagle's claims are barred by the doctrine of procedural default. Under that doctrine, a claim is defaulted for purposes of a motion under § 2255 if the petitioner failed to raise the claim at trial or on direct appeal. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) ("A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal.") A petitioner cannot bring defaulted claims in a motion under § 2255 unless he shows both cause and prejudice for the default, or he shows that he is "actually innocent" of the crimes of which he was convicted. *Id.* Here, Whiteagle could have raised each of his claims at trial or on direct appeal, but failed to do so. Moreover, he has not demonstrated cause or prejudice; nor has he shown that he is actually innocent of the crimes for which he was convicted. Therefore, his claims are procedurally defaulted.

For the sake of completeness, however, the court will briefly address the merits of Whiteagle's four new claims below.

I.  **Tribal Exhaustion Doctrine**

Petitioner argues that the government lacked jurisdiction to prosecute him, and the court lacked jurisdiction over the case, under the "tribal exhaustion doctrine." Under that doctrine, he argues that the Ho-Chunk Nation had the sovereign authority to choose whether to prosecute him civilly or criminally for the charged offenses and, until the Ho-Chunk Nation took any action, neither the prosecutors nor federal court had any authority to act.

The tribal exhaustion doctrine is a judicially created rule that counsels federal court abstention in certain cases involving Indian tribes. In particular, the rule "requires litigants, in some instances, to exhaust their remedies in tribal courts before seeking redress in federal courts." *Stifel, Nicolaus & Co. v. Lac du Flambeau Band of Lake Superior Chippewa Indians*, 807 F.3d 184, 195 (7th Cir. 2015), as amended (Dec. 14, 2015). Thus, in certain situations in which a litigant would have tribal court remedies, a federal court may choose to abstain from the case under principles of comity. *Id.* The tribal exhaustion doctrine, however, is *not* jurisdictional. *Id.*

In addition, petitioner has cited no authority for his argument that the tribal exhaustion doctrine could prohibit a federal prosecution or conviction of a federal crime. Certainly, "Indian tribes have power to enforce their criminal laws against tribe members." *United States v. Wheeler*, 435 U.S. 313, 322 (1978), *superseded in other aspects by statute*, 25 U.S.C. §§ 1301–1303 (internal quotation marks omitted). "Their right of internal self-government includes the right to prescribe laws applicable to tribe members and to enforce those laws by criminal sanctions." *Id.* There are also some crimes over which a

tribal court may have jurisdiction under the Indian Country Crimes Act, 18 U.S.C. § 1152. However, federal jurisdiction extends to *all* general crimes over which there would be federal jurisdiction regardless whether a tribal member or tribal interests are involved. *See Wheeler*, 435 U.S. at 330, n.30.

Here, the crimes of conspiracy and bribery for which petitioner was convicted are federal crimes subject to federal jurisdiction regardless the identity of the victim or perpetrator, or the location of the criminal activity. Therefore, the United States had exclusive jurisdiction to prosecute them. For all these reasons, petitioner's arguments regarding the tribal exhaustion doctrine do not entitle him to relief.

**II.   Claims of Malicious, Vindictive and Selective Prosecution**

Petitioner's second and third grounds for relief are based on the assertions that the charges against him were the result of prosecutorial misconduct, vindictiveness and selectivity. In particular, he points out that charges were filed against him after the government failed to obtain a conviction in a similar case against another individual (Craig Potts) in Minnesota. He also suggests, without providing any details, that the government prosecuted him because he is a tribal member, but chose not to prosecute other, unspecified, high profile and serious crimes.

Petitioner's vague allegations do not demonstrate malicious, vindictive or selective prosecution in this instance. To demonstrate malicious or vindictive prosecution, a defendant "must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal

4

stake in the outcome of the case or an attempt to seek self-vindication." *United States v. Jarrett*, 447 F.3d 520, 525 (7th Cir. 2006) (quoting *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003). Likewise, a claim of selective prosecution requires a defendant to show that he was "singled out for prosecution where others were not and that the selection was based on an impermissible ground, such as race or religion." *United States v. Fletcher*, 34 F.3d 395, 406-07 (7th Cir. 2011) (citations omitted). The evidence in this case neither supports a finding that the charges filed against petitioner were motivated by prosecutorial animus, nor that he was singled out for prosecution for any improper reason. On the contrary, the overwhelming evidence at trial was that petitioner was the lynchpin in the corruption of a tribal legislator by outside gambling interests, for which petitioner profited handsomely. Accordingly, petitioner has failed to show that he is entitled to relief for this reason.

III.   **Ho-Chunk Nation Code of Ethics Act**

Petitioner's final claim is that the government misled the court and jury regarding the Ho-Chunk Nation's Code of Ethics Act by introducing as evidence only certain excerpts from the Code, but failing to introduce portions that would have established his right to a trial under tribal law. This claim fails for multiple reasons. As the government points out, the Code of Ethics appears to apply only to the Nation's public officials, not tribal members generally. (*See* dkt. #1-6 at 24 (Code of Ethics Act)). As petitioner was not a tribal official himself, the Code would not apply. Moreover, through his counsel petitioner was permitted to introduce as evidence at trial those excerpts from the Code that

5

he thought relevant. (*See* dkt. #151 at 2) (order on motions in limine permitting petitioner to introduce excerpts from Code at trial). Finally, and perhaps most importantly, petitioner's argument is essentially just a repeat of the argument he made in Claim 1 above, regarding whether this court had jurisdiction over the case.

As explained above, the federal prosecutor and federal court properly exercised jurisdiction over this case. Nothing in the Code of Ethics Act could deprive this court of jurisdiction over the federal criminal statutes under which petitioner was charged and convicted. Accordingly, petitioner is entitled to no relief for this reason either.

## IV. Certificate of Appealability.

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Although the rule allows a court to ask the parties to submit arguments on whether

a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated above, reasonable jurists would not debate whether petitioner's claims are meritless. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Petitioner Timothy Whiteagle's motion under 28 U.S.C. § 2255 is DENIED.

2. A certificate of appealability is also DENIED. Petitioner may, if he wishes to do so, seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 4th day of January, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge